**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FRANCIS C. MBEWE, #360922 | * | |
| Petitioner | * | |
| v. | * | Civil Action Case No. AW-11-573 |
| RODERICK SOWER, Warden, et al. | * | |
| Respondents | * | |

\*\*\*

**MEMORANDUM**

Respondents, through their counsel, have filed an Answer moving to dismiss this 28

U.S.C. § 2254 Motion as time-barred or alternatively for failure to fully exhaust claims before

the state courts.  (ECF No. 4). Petitioner has filed a Reply. ECF No. 6.   The court deems a

hearing unnecessary to resolve the issues.  *See* Rule 8, "Rules Governing Section 2254 Cases in

the United States District Courts."  After careful review of the pleadings, exhibits, and applicable

law, the court will dismiss the Petition as time-barred.

**I.      One-Year Limitations Period**

A one-year statute of limitations applies to this federal habeas petition. *See* 28 U.S.C.

§ 2244(d); [1] *Wall v. Kholi*, 131 S.Ct. 1278, 1283 (2011).  The one-year period is tolled while

---

[1]This section provides:

(1)      A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of-

(A)      the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking
such review;

(B)      the date on which the impediment to filing an application
created by State action in violation of the constitution or laws of the

properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).  A petitioner is entitled to equitable tolling where (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, _U.S._, 130 S.Ct. 2549, 2560 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005)); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).   Although Mbewe was granted additional time to address whether equitable tolling might apply in his case, his reply is silent on this issue. ECF No. 6.

## II.      Procedural Background

On October 6, 2009, Mbewe pled guilty to fourth-degree sexual offense in the District Court of Maryland for Montgomery County in Criminal Case No. ODOO238007 and was sentenced to serve one year in prison with credit for time served and two years probation.  ECF No. 4.

---

United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mbewe did not file a timely appeal from this judgment, and thus, his convictions became final on November 5, 2009, when the time for doing so expired. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-401 (2009) (notice of appeal from district court decision shall be filed within 30 days from the date of the final judgment from which appealed); Md. Rule 7-104 (same).

With his reply, Mbewe has filed a copy of a handwritten Notice of Appeal in Case No. ODOO238007 which bears a stamp that reads "District Court, Received April 15, 2010."  ECF No. 6, Exhibit C.   A written note at the bottom reads "Denied, Untimely, E. Wolfe 4/23/10." *Id*. Mbewe's untimely appeal does not alter the fact that his judgment became final for the purpose of running the one-year limitations period on November 4, 2009, and expired one year later on November 4, 2010. The instant habeas petition, filed on March 3, 2011, was filed after the one-year period expired, and Mbewe provides no grounds to apply equitable tolling. [2]

Mbewe has also filed a copy of the Petition for Writ of Mandamus he filed in the Court of Appeals of Maryland dated January 9, 2011, which was denied on February 16, 2011.  ECF No. 6, Exhibit 11 and Exhibits.  This petition was filed after the limitations period expired and provides no basis for statutory tolling under 28 U.S.C. § 2244(d) (2). Although Mbewe asserts that he filed a petition for post-conviction relief on July 1, 2010, which was denied on July 6, 2010 (Complaint, pp 3-4), there is no record of this matter.  ECF No. 4, ¶ 5.[3]  In any event, even if the limitations period were tolled for the five days during which the post-conviction petition is claimed to have been pending, Mbewe's federal petition remains untimely filed by several months.

---

[2]   The court need not consider whether the claims presented have been fully exhausted because this motion will be dismissed as time-barred.

[3]   Mbewe has filed petitions for post-conviction relief from separate convictions in the Circuit Court for Montgomery County for narcotics offenses (Case No. 112503C) and armed robbery (Case No. 113795).

### III.     Certificate of Appealability

There is no absolute entitlement to appeal a district court's final order in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c) (1).  A Certificate of Appealability (COA) "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).  Mbewe does not satisfy this standard and a COA will be denied.

### IV.     Conclusion

This Motion for Habeas Corpus relief was filed more than one year after judgment of conviction became final and no grounds for equitable tolling are asserted.  Consequently, the Motion will be dismissed as time-barred.  The court declines to issue a COA.  A separate order follows.


Date:  September 28, 2011                                    /s/ Alexander Williams, Jr.
                                                  _____
                                                  United States District Judge

4